COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-330-CR
NO. 2-03-331-CR

  
CLAUDE 
DARRIN MCNABB                                                     APPELLANT
A/K/A 
CLAUDE DARKIN MCNABB
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Claude Darrin McNabb appeals from his convictions for possession with intent to 
deliver a controlled substance, namely methamphetamine, of four or more but less 
than two hundred grams, a first degree felony.[2]  
We affirm the trial court's judgments.
        Appellant 
entered an open plea of guilty to the court in each case, and, for each case, 
the court assessed punishment at five years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice, such sentences to run 
concurrently.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel states that in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California by presenting a 
professional evaluation of the record demonstrating why there are no arguable 
grounds for relief.[3]  This court provided 
Appellant the opportunity to file a pro se brief, but he has declined to do 
so.  After an appellant’s court-appointed counsel files a motion to 
withdraw on the ground that the appeal is frivolous and fulfills the 
requirements of Anders, this court is obligated to undertake an 
independent examination of the record and to essentially re-brief the case for 
the appellant to see if any arguable ground could be raised on the appellant’s 
behalf.[4]
        Because 
Appellant pled guilty to each offense, he has waived the right to appeal any 
non-jurisdictional defects, other than the voluntariness of his pleas, that 
occurred before entry of each plea as long as the trial court's judgments of 
guilt were rendered independent of and not supported by the alleged error.[5]  Our independent review of the record is therefore 
limited to potential jurisdictional defects, the voluntariness of Appellant's 
pleas, potential errors occurring before the pleas that resulted in or support 
the judgments of guilt, and potential errors occurring after the guilty pleas.
        Our 
review of the record reveals no jurisdictional defects. The trial court had 
jurisdiction over the cases.[6]  Further, the 
indictments sufficiently conferred jurisdiction on the trial court and provided 
Appellant with sufficient notice.[7]
        Our 
review of the record also reveals nothing that would support a claim that the 
guilty pleas were unknowing and involuntary. The trial court admonished 
Appellant in writing before he pled guilty.[8]  
The record before us also reveals no error that occurred before Appellant pled 
guilty. As a result, there is no appealable error under Young.[9]
        At 
the punishment hearing, the trial court considered the presentence investigation 
report and the testimony of Appellant before sentencing Appellant to the minimum 
confinement allowed in each case.[10] 
        After 
independently reviewing the record, we agree with appellate counsel’s 
determination that any appeal from this case would be frivolous. Accordingly, we 
grant appellate counsel’s motion to withdraw and affirm the trial court’s 
judgments.

 
                                                                  PER 
CURIAM

  
PANEL 
F:   DAUPHINOT, WALKER, and MCCOY, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 4, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Health & Safety Code Ann. §§ 481.102, 481.112(a), (d) 
(Vernon 2003 & Supp. 2004) (providing that methamphetamine is in Penalty 
Group 1 and that possession with intent to deliver of four or more but less than 
two hundred grams is a first degree felony).
3.  
386 U.S. 738, 87 S. Ct. 1396 (1967).
4.  
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
5.  
See Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).
6.  
See Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004).
7.  
See Tex. Const. art. V, § 12; Duron v. State, 
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
8.  
See Tex. Code Crim. Proc. Ann. art. 26.13(a), (d).
9.  
Young, 8 S.W.3d at 656.
10.  
See Tex. Penal Code Ann. § 12.32 (Vernon 2003) (providing 
range of punishment for first degree felonies is life or five to ninety-nine 
years plus up to a $10,000 fine).